UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK C. RAFTER, *Pro Se*, | Case No.: 1:17 CV 2274 |
| Plaintiff, | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| METRO HEALTH SYSTEMS, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

*Pro Se* Plaintiff Mark C. Rafter filed this action under 42 U.S.C. § 1983 against Metro Health Systems ("Metro Health"), the Cuyahoga County Correctional Center Medical Department, Dr. Alan Gatz, Nurse Lori True, Inmate Health Systems Director Marcus Harris, the Cuyahoga County Medical Director and Metro Health Systems Physician Dr. Erhardt. In the Complaint, Plaintiff asserts he did not receive proper medical care from the Defendants. He seeks monetary damages.

**Background**

Plaintiff indicates he was admitted to the Metro Health Medical Center in 2015 because he was experiencing seizures. He was treated by Dr. Erhardt, who discontinued his prescription of Resperdal, which Plaintiff contends he took for depression and suicidal ideation. He attempted suicide on February 14, 2016, and remained hospitalized until April 2016. He contends Dr. Erhardt did not respect the Do Not Resuscitate Order he had placed in his medical file. He was transferred to a nursing home in April 2016, where he was arrested and transported to the Cuyahoga County Jail.

Plaintiff contends the jail Defendants were deliberately indifferent to his serious medical needs. Aside from seizures, Plaintiff did not elaborate on the nature of his medical conditions. He indicates only that he utilized supplemental oxygen and had great difficulty standing or walking when he entered the jail. He alleges Dr. Gatz removed his supplemental oxygen, stating Plaintiff no longer needed it. He further alleges that while Gatz gave him a wheelchair, Nurse True took it from him, leaving him to crawl and drag himself on the floor of the jail. He indicates he filed grievances and was provided with a permanent wheelchair one month later. He contends he filed grievances pertaining to his supplemental oxygen for a year before he was given a "breathing machine" to help him sleep.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual

2

allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Metro Health and Dr. Erhardt are not subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," the Defendant must be a state or local government entity, official, or employee. Metro Health and Erhardt are private parties. A private

3

party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A Defendant may also be considered a state actor if the Defendant exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Metro Health and Dr. Erhardt provided medical care to Plaintiff prior to his detention in the Cuyahoga County Jail. Plaintiff does not allege facts suggesting they could be considered to have acted under color of state law.

The Cuyahoga County Correctional Center Medical Department is not a proper Defendant. To the extent Plaintiff intended this claim to be asserted against specific people in the Jail's medical department, he must identify them individually in his Complaint. He cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

To the extent he intended to sue the County for the actions of individuals within the medical department, he also fails to state a claim upon which relief may be granted. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy

4

statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff does not suggest a custom or policy of Cuyahoga County provided the basis for the decisions Jail staff made about his medical care.

Similarly, Plaintiff has not stated a claim against Inmate Health Systems Director Marcus Harris or the Cuyahoga County Medical Director in their individual capacities because he has not alleged that they were personally involved in the decisions to take away his supplemental oxygen or his wheelchair. It is possible Plaintiff named them as Defendants because they supervise both Gatz and True. *Respondeat superior*, however, is not a proper basis for liability under 42 U.S.C. § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to monitor, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). At a minimum a Plaintiff must show that the supervisor implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Id.* Plaintiff does not allege facts suggesting these Defendants were even aware of the decisions made by Gatz or True. He has not suggested a basis for holding them personally liable under § 1983.

Finally, while the Plaintiff's claims against these Defendants are subject to dismissal under 28 U.S.C. § 1915(e), the same cannot be said for his claims against Dr. Gatz and Nurse True. Although Plaintiff does not provide detailed information concerning his underlying medical conditions, he indicates these Defendants took away his supplemental oxygen and wheelchair.

5

Whether these items were medically necessary for a serious medical condition is a question of fact that can be determined with further litigation. At the pleading stage, these claims meet the minimum requirements to survive initial review under § 1915(e).

## Conclusion

Accordingly, Plaintiff's claims against Metro Health Systems, the Cuyahoga County Correctional Center Medical Department, Inmate Health Systems Director Marcus Harris, the Cuyahoga County Medical Director and Metro Health Systems Physician Dr. Erhardt are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action shall proceed solely on Plaintiff's claims for deliberate indifference to serious medical needs against Dr. Alan Gatz and Nurse Lori True. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon the Defendants.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 19, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.